UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY ALLAN OLSON,<br><br>Plaintiff,<br><br>vs.<br><br>RHIANNON GORHAM, CCA PRIVATE PRISON, ALICE P. SECHEAL, PETER D. WELTE,<br><br>Defendants. | Case No.:  26cv1540-LL-DDL<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2];**<br><br>**(2) DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1914(a) AND FOR FAILURE TO STATE A CLAIM UNDER 28 U.S.C. § 1915A(b)(1);**<br><br>**(3) DENYING PENDING MOTIONS AS MOOT [ECF Nos. 3–8, 11]** |

Plaintiff Ricky Allan Olson, an unrepresented prisoner currently housed at Cass County Jail in Fargo, North Dakota,[1] has filed a civil rights action. ECF No. 1. Plaintiff has

---

[1] The Court takes judicial notice of Plaintiff's criminal case filed in the United States District Court for North Dakota, *United States v. Olson*, 3:25-cr-0216-PDW (D.N.D.).

1

also filed a motion to proceed in forma pauperis ("IFP") [ECF No. 2], along with several other miscellaneous motions. *See* ECF Nos. 3–11. As discussed below, the Court denies Plaintiff's IFP motion, dismisses the action, and denies the other pending motions as moot.

## IFP MOTION

Generally, parties initiating a civil action in a district court of the United States must pay a filing fee of $405. *See* 28 U.S.C. § 1914(a). An action may proceed despite a failure to pay the entire fee at filing only if the court grants the plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).

### A.    Three Strikes Provision

Under the Prison Litigation Reform Act ("PLRA"), however, when a prisoner seeking to proceed IFP has "repeatedly brought unsuccessful suits [he] may entirely be barred from IFP status under the three-strikes rule," pursuant to 28 U.S.C. § 1915(g). *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007). Specifically, a prisoner who has had three previous actions dismissed as frivolous, malicious, or for failure to state a claim, is prohibited from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that (they were) frivolous, malicious, or fail[ed] to state a claim," *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

While Defendants typically carry the initial burden of demonstrating a prisoner is not entitled to IFP status, "in some instances, the district court docket may be sufficient to

26cv1540-LL-DDL

show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews*, 398 F.3d at 1120. That is the case here.

**B.      Prior "Strikes"**

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

Plaintiff has been in federal custody for some time, primarily in North Dakota. Based on a review of court proceedings available on PACER, the Court finds that while incarcerated, Plaintiff Ricky Allan Olson, BOP #06512-059, has had at least three prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  They are:

> 1) *Olson v. Fargo Sheriff, et al.*, Case No. 25-cv-0201-PDW-ARS (D.N.D.) (Report and Recommendation to dismiss complaint for failure to state a claim dismiss (ECF No. 15, Nov. 7, 2025); *Id.* (Order adopting R & R and dismissing complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A (ECF No. 21, Dec. 2, 2025));
>
> (2)  *Olson v. Van de Streek, et al.*, Case No. 25-cv-0218-PDW-ARS, ECF No. 5 (D.N.D.) (Report and Recommendation to dismiss complaint for failure to state a claim dismiss (ECF No. 17, Nov. 7, 2025); *Id.* (Order adopting R & R and dismissing complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A (ECF No. 23, Dec. 2, 2025));
>
> (3)  *Olson v. Cass County Sheriff.*, Case No. 3:23-cv-0179-PDW-ARS (D.N.D.) (Report and Recommendation recommending complaint be dismissed in its entirety for failure to state a claim and failure to prosecute by filing amended pleading) (ECF No. 62, Mar. 28, 2024)); *Id.* (Order adopting R & R and dismissing complaint) (ECF No. 64, May 8, 2024)). [2]

---

[2] A dismissal counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case

Thus, Plaintiff has accumulated at least three "strikes" as defined by § 1915(g).

## C.   Imminent Danger Exception

Once a prisoner has accumulated three or more strikes, § 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"). Here, Plaintiff makes no allegation of imminent danger of serious physical injury. The allegations contained in the Complaint appear related only to Plaintiff's temporary transfer to Southern California for a mental health evaluation and the loss of legal materials during that transfer. *See* ECF No. 1 at 3. Plaintiff makes no plausible assertion that he was facing danger at the time he initiated this action. *See Cervantes*, 493 F.3d at 1056 (stating the imminent danger exception requires an allegation that a harm is "ready to take place"). Therefore, Plaintiff's IFP motion is **DENIED** pursuant to 28 U.S.C. § 1915(g) and the case is **DISMISSED** for failure to satisfy the filing fee requirement. *See* 28 U.S.C. § 1914(a).

**SCREENING PURSUANT TO 28 U.S.C. § 1915A**

## A.   Standard of Review

Even if Plaintiff were to pay the full filing fee, his Complaint would be dismissed for failure to state a claim. Under 28 U.S.C. § 1915A, also enacted by the PLRA, a Court must sua sponte dismiss a prisoner complaint, or any portion of it, which is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(b)(1), (2). The mandatory screening provisions of § 1915A apply to all prisoners, no matter their fee

/ / /

---

was dismissed with or without prejudice. *Harris v. Mangum*, 863 F.3d 1133, 1142–43 (9th Cir. 2017).

status, who bring suit against a governmental entity, officer, or employee. *See, e.g., Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000).

**B.      Plaintiff's Allegations**

In his Complaint, Olson appears to allege he was improperly transferred to Southern California for mental health observation and during that time, his legal materials were "stolen." *See* ECF No. 1 at 4. He names as Defendants: Rhiannaon Gorham, his federal defender; "CCA Private Prison in El Cajon, California"; Federal Magistrate Judge Alice P. Senechal; and Chief Judge for the United States District of North Dakota, Peter Welte. *Id.* at 1–2.

**C.      Discussion**

As an initial matter, the Court notes that Plaintiff does not provide the legal basis for his claims. However, claims against federal actors may, under limited circumstances, be brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971). But here, Plaintiff cannot state a claim against any Defendant.

First, to the extent Olson names Magistrate Judge Senechal and District Judge Welte as Defendants for their part in ordering his transfer, the Ninth Circuit has unequivocally held that judges are absolutely immune from civil liability for acts performed in their official capacity. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986); *Moore v. Brewster*, 96 F.3d 1240, 1243–44 (9th Cir. 1996).

Second, Olson cannot state a claim against his appointed federal defense counsel, Defendant Rhiannon Gorham. Federal public defenders do not act under color of federal law for purposes of a *Bivens* action. *See Hill v. Bookout*, 584 F. App'x 588, 589 (9th Cir. 2014) (rejecting *Bivens* action against federal public defender in a federal habeas action on the ground that "a federal public defender does not act under color of federal law when performing the traditional role of a lawyer representing an indigent criminal defendant"); *see also Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (stating a federal public defender does not act under color of federal law in a federal criminal proceeding).

/ / /

26cv1540-LL-DDL

Finally, Olson cannot state a claim against "CCA Private Prison in El Cajon, California." *See* ECF No. 1 at 1. The Court presumes "CCA" is a reference to "Corrections Corporation of America," which rebranded to "CoreCivic" in 2016.[3] But *Bivens* does not authorize a suit against the government or its agencies for monetary relief. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994). Nor does it authorize a suit for money damages against a private entity like the CCA and/or CoreCivic. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 n. 2 (2001) (holding that *Meyer* "forecloses the extension of *Bivens* to private entities."). A *Bivens* action may only be brought against the responsible official alleged to have acted under color of federal law in his or her individual capacity. *See Daly–Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988). As such, Plaintiff fails to state a claim against CCA and/or CoreCivic. *See Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103–04 (9th Cir. 2004) ("[T]o the extent that Agyeman sought to hold Corrections Corporation itself liable, the case could not be brought under *Bivens*. . . since Corrections Corporation is a private corporation.").

Even if Plaintiff were to name an individual officer at CCA and/or CoreCivic, he cannot state a claim because *Bivens* has never been applied to an individual who was not "in the direct employ of the federal government." *Martinez v. Geo Grp., Inc.*, No. 18-CV-1125-SP, 2020 WL 2496063, at *18 (C.D. Cal. Jan. 7, 2020); *see also Sanchez-Rivera v. Bribiesca*, No. 20-CV-1264-MMA-MSB, 2020 WL 4500626, at *5 (S.D. Cal. Aug. 5, 2020) (stating *Bivens* does not authorize a damages suit against a private entity or its employees); *Dubon v. GEO Corr. & Det.*, No. 3:18-CV-686-CAB-RBB, 2018 WL 4002620, at *3 (S.D. Cal. Aug. 22, 2018) (citing *Malesko*, 534 U.S. at 69, and explaining that the Supreme Court has refused to extend liability for constitutional violations to private actors who contract with the federal government); *Nagel v. Core Civic*, No. 2:20-CV-01279-JAD-VCF, 2021 WL 4954304, at *3 (D. Nev. Oct. 25, 2021) (dismissing federal

---

[3] *See* Corrections Corporation of America Rebrands as CoreCivic, CORECIVIC (Oct. 28, 2016), https://www.corecivic.com/news/corrections-corporation-of-america-rebrands-as-corecivic.

26cv1540-LL-DDL

prisoner could not pursue Eighth Amendment claims against CoreCivic employees under *Bivens* because they "d[id] not fall into one of the three categories for which *Bivens* claims are authorized, . . . and because they target[ed] employees of a privately operated prison.").

Therefore, even if Plaintiff were not barred from proceeding IFP, the Complaint is subject to dismissal for failure to state a claim and any attempt to amendment would be futile. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").

## MISCELLANEOUS MOTIONS

Also pending before the Court are Plaintiff's "Motion to Get Legal Work Back" [ECF No. 3], two "Motions to Remain Pro Se" [ECF Nos 4–5], "Motion for Knowledge" [ECF No. 6]; "Motion to Dismiss and for Inmate's Safety" [ECF No. 8]; "Motion to be Acknowledged and Brian Toay Dismissed" [ECF No. 7]; and "Motion for Information" [ECF No. 11]. As discussed above, however, the case is dismissed without leave to amend because Plaintiff is barred from proceeding IFP and because the Complaint fails to state a claim. Therefore, the Court **DENIES** the above motions as moot.

## CONCLUSION AND ORDER

For reasons discussed above, the Court:

(1)    **DENIES** the Motion to Proceed IFP as barred by 28 U.S.C. § 1915(g);

(2)    **DISMISSES** this civil action without leave to amend based on Plaintiff's failure to pay the full $405 statutory and administrative civil filing fee required by 28 U.S.C. § 1914(a), and for failure to state a claim pursuant to 28 U.S.C. § 1915A(b);

(3)    **DENIES** Plaintiff's remaining pending motions as moot (ECF Nos. 3–8, 11);

(4)    **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

/ / /

/ / /

/ / /

/ / /

7

26cv1540-LL-DDL

(5)     **DIRECTS** the Clerk of Court to enter a judgment and to close the file.

**IT IS SO ORDERED.**

Dated:  May 27, 2026

_____

Honorable Linda Lopez
United States District Judge

26cv1540-LL-DDL